| |
|---|
| **Sheth v Scotto** |
| 2024 NY Slip Op 30121(U) |
| January 10, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 520600/2021 |
| Judge: Robin K. Sheares |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Part 96 of the Supreme Court, of the state of New York in and for the County of Kings at the courthouse located at 360 Adams Street, Brooklyn, NY 11201 on the 10th day of January, 2024.

Present: Hon. Robin K. Sheares, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
**RAJIV SHETH AND DIPA AMIN,**

                                Plaintiff(s),

    - against -

**MARY A. SCOTTO, JOHN R. SCOTTO, PETER W. SCOTTO, SALVATORE F. SCOTTO, CATHERINE A. SCOTTO-SHAPIRO, LIVIA M. SCOTTO AND CARMELA A. SCIABARRA,**

                                Defendant(s).
-------------------------------------------------------------------X

Index No. 520600/2021

**DECISION AFTER TRIAL**

On or about August 12, 2021, Plaintiffs filed this action alleging breach of contract. Plaintiff sought specific performance and incidental damages and sought to compel the Defendants to specifically perform their obligations, as sellers, under a residential contract of sale of a property located in Brooklyn, New York. Plaintiffs also sought to hold Livia M. Scotto and Carmela A. Sciabarra (the defaulting defendants) liable for discriminatory conduct, under the NYC Human Rights Law §8-107, for refusing to proceed with the sale of such property to the Plaintiffs based on the race, origin and religion of Plaintiffs as perceived by those Defendants.

During the inquest held on February 14, 2023 and February 15, 2023, it was revealed that there was a contract to sell real property located at 277 Sackett Street, Brooklyn, New York, and that the property in question has been sold to the Plaintiffs; therefore, the specific performance request is moot.

Notwithstanding, the Plaintiffs seeks six (6) categories of damages from the defaulting defendants. They are:

1

[* 1]

1. Monies Plaintiff incurred to extend the mortgage rate lock (since rates were increasing, Plaintiffs paid extra monies to keep the lower mortgage rate);

2. Rental charges incurred from May 2021 to September, 2022;

3. Construction costs that were incurred due to the delay in closing;

4. Interest expense caused by the 16 month delay in closing on the contract;

5. Discrimination pursuant to NYC Human Rights Law §8-107; and

6. Attorney's fees.

In addition, the answering Defendants, Mary A Scotto, John R Scotto, Peter W. Scotto, Salvatore F. Scotto, and Catherine A. Scotto-Shapiro seeks damages including interest and counsel fees.

The Plaintiffs' claims have been pled and have not been controverted; the two (2) defaulting Defendants (Livia M. Scotto and Carmela A. Sciabarra) have yet to appear.

Prior to this inquest hearing, Mr. William David Bowman was appointed Receiver of the property. He was able to secure over $800,000.00 on the sale of the property. Therefore, he is entitled to his $5,000.00 fee from that amount.

At the inquest, Plaintiff/Husband Rajiv Sheth testified that he and his now wife Dipa Amin, both of Hindu descent, intended to purchase the townhouse and planned to live in it as their first home after they were married. Their intention was to renovate, move in, and later rent to others.

Mr. Sheth testified that the contracted amount for the property was 3.5 million dollars. The closing date was scheduled for May 19, 2021. Mr. Sheth testified that the closing did not take place due to two of the sellers refusing to close because of their (he and his wife's) perceived religion. He told the court that between the contract date and the closing date, he and his wife obtained an 80% loan commitment. Yet, they didn't close until September 1, 2022, some 16 months later.

Mr. Sheth testified that during the 16 month delay in closing, he and his wife incurred the expenses previously enumerated.

2

[* 2]

Based on the testimony, the Court awards the following:

$70,296.03 Monies incurred to the lock in the mortgage.

$80,593.00 Rental charges incurred from May, 2021 to September, 2022.[1]

As to the discrimination claim, pursuant to NYC Human Rights Law §8-107, Plaintiff testified that the two (2) defaulting Defendants, Livia M. Scotto and Carmela A. Sciabarra refused to sell the property to them because of their perception that Mr. Sheth and his wife were Muslim and nonwhite. The Court finds that this conduct is unlawful and discriminatory. As such, the Court awards Mr. Sheth and his wife $500,000.00 each, for a total of $1,000,000.00.

As to the 6th claim for attorney fees, Mr. Sheth testified that he and his wife had to hire an attorney due to the two (2) defaulting Defendants' (Livia M. Scotto and Carmela A. Sciabarra), refusal to close on the property. Their attorney, Mr. Peter Moulinas, submitted credible invoices totaling $48,742.63. However, those invoices did not include expenses relating to the inquest. Therefore, Mr. Moulina is directed to submit a full accounting of all expenses, including those relating to the inquest, to the Court on or before January 31, 2024.

The appearing Defendants, Mary A. Scotto, John Scotto, Peter W. Scotto, Salvaore F. Scotto, and Catherine A. Scotto-Shapiro also seek damages due to the defaulting Defendants, Livia M. Scotto's and Carmela A. Sciabarra's failure to timely close on the sale of the property.

Mr. Kurt L. Rolh, Esq., the appearing Defendants' first witness, testified that he was retained by all of the Defendant/Sellers. He further testified that all of the Defendants, except for the non-appearing Defendants (Livia and Carmela) cooperated with him.

One of the answering Defendants, Mary A. Scotto, was the next and final witness. She testified that she, along with her other brothers and sisters, were the sellers of the property. She testified that on July

---

[1] No money will be awarded for construction costs at this time. The Court finds that the amount testified to is too speculative. However, Plaintiffs can renew this request based on the actual increase, if any.

3

7, 2021, she was ready to close on the contract, however, her siblings Livia and Carmela were not. Like Mr. Sheth, Ms. Scotto testified that she had to retain an attorney and incurred expenses due to her two (2) siblings' refusal to close on the contract. Ms. Scotto seeks damages with interest from July 7, 2021. Based on her testimony, the Court awards Ms. Scotto $17,331.85 for the cumulative expenses resulting from July 2021 (the contractual closing date) to September, 2022 (the actual closing date).

As for her request for reimbursement of attorney's fees, on or before January 31, 2024, Ms. Scotto is to submit to the court a **paid** bill for the total expense. That bill is to also include any expense relating to the two (2) days the inquest that was held.

This Court finds that the witnesses who testified regarding damages were sufficient, any others would have been duplicative.

Therefore, based on the above, it is

ORDERED that Plaintiffs Rajiv Sheth and Dipa Amin be awarded the total sum of $150,889.03 with interest from May 19, 2021, plus costs and disbursements; It is further

ADJUDGED, that Plaintiffs Rajiv Sheth and Dipa Amin, both residing at 277 Sackett Street, Brooklyn, New York 11231, in the County of Kings, City and State of New York, have judgment and recover of the Defendant Livia M. Scotto, whose last known place of residence was 2710 Golf Heights Circle, Valrico, Florida 33596 and Defendant Carmella A. Sciabarra, whose last known place of residence was 2710 Golf Heights Circle, Valrico, Florida 33596, the sum of $150,889.03, with interest from May 19, 2021, in the sum of $_____, plus costs and disbursements in the sum of $_____ as taxed, making a total amount of $_____ and that Plaintiffs have execution thereupon; It is further

ORDERED that Plaintiff Rajiv Sheth be awarded the total sum of $500,000.00 with interest from May 19, 2021, plus costs and disbursements; It is further

4

[* 4]

ADJUDGED, that Plaintiff, Rajiv Sheth, residing at 277 Sackett Street, Brooklyn, New York 11231, in the County of Kings, City and State of New York, have judgment and recover of the Defendant Livia M. Scotto, whose last known place of residence was 2710 Golf Heights Circle, Valrico, Florida 33596, and Defendant Carmella A. Sciabarra, whose last known place of residence was 2710 Golf Heights Circle, Valrico, Florida 33596, the sum of $500,000.00, with interest from May 19, 2021, in the sum of $_____, plus costs and disbursements in the sum of $_____ as taxed, making a total amount of $_____ and that Plaintiff have execution thereupon; It is further

ORDERED that Plaintiff Dipa Amin be awarded the total sum of $500,000.00, with interest from May 19, 2021, plus costs and disbursements; It is further

ADJUDGED, that Plaintiff, Dipa Amin, residing at 277 Sackett Street, Brooklyn, New York 11231, in the County of Kings, City and State of New York, have judgment and recover of the Defendant Livia M. Scotto, whose last known place of residence was 2710 Golf Heights Circle, Valrico, Florida 33596, and Defendant Carmella A. Sciabarra, whose last known place of residence was 2710 Golf Heights Circle, Valrico, Florida 33596, with interest from May 19, 2021, in the sum of $_____, plus costs and disbursements in the sum of $_____ as taxed, making a total amount of $ _____ and that Plaintiff have execution thereupon; It is further

ORDERED that Plaintiff Mary A. Scotto be awarded the total sum of $17,331.85 with interest from July 2, 2021, plus costs and disbursements; It is further

ADJUDGED, that Defendant Mary A. Scotto, in care of her attorney, Anthony Bramante, Esq. whose last known business address was 26 Court Street, Suite 514, Brooklyn, New York 11242, in the County of Kings, City and State of New York, have judgment and recover of the Defendant Livia M. Scotto, whose last known place of residence was 2710 Golf Heights Circle, Valrico, Florida 33596, and Defendant Carmella A. Sciabarra, whose last known place of residence was 2710 Golf Heights Circle, Valrico, Florida 33596, the sum

5

[* 5]

of $17,331.85, with interest from July 2, 2021, in the sum of $_____,, plus costs and disbursements in the sum of $_____ as taxed, making a total amount of $ _____ and that Plaintiff have execution thereupon; it is further

ORDERED, that Rajiv Sheth's, Dipa Amin's and Mary A. Scotto's application for attorney fees will be decided once the supporting invoices have been submitted. If granted, the Court will issue a separate judgment for those awards.

ORDERED, that the appointed Receiver, William David Bowman, is to be paid $5,000.00 from the proceeds of the sale of the property as his Receiver fee.

This constitutes the Decision/Order of the Court.

ENTER

_____
Hon. Robin K. Sheares, J.S.C.
ROBIN K. SHEARES, JSC

6

[* 6]